UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DAVID LOUIME,

                       Plaintiff,

  - against -

ANTHONY ANNUCCI, et al.,

                       Defendants.
-------------------------------------------------------------x

**ORDER**

No. 23-CV-6898 (CS)

This Order relates to:

   *Louime v. Annucci, et al.*, No. 23-CV-6898

   *Campbell v. Annucci, et al.*, No. 23-CV-6900

   *Brooks v. Annucci, et al.*, No. 23-CV-6902

   *Roque v. Annucci, et al.*, No. 23-CV-6906

   *Scott v. Annucci, et al.*, No. 23-CV-6911

   *Reed v. Annucci, et al.*, No. 23-CV-6918

   *Haymon v. Annucci, et al.*, No. 23-CV-6922

Seibel, J.

      Plaintiffs in each of the above-captioned cases filed motions requesting *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, their efforts to obtain a lawyer, and their ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodges v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these factors, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early for the Court to assess the merits in all of the above-captioned cases, Plaintiffs' motions for counsel are denied without prejudice to renewal at a later date. The Clerk of Court is

respectfully directed to terminate those pending motions in each of the above-captioned cases and to docket this Order in each of the above-captioned cases.

**SO ORDERED.**

Dated: February 23, 2024
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.